http://www.va.gov/vetapp16/Files4/1630396.txt

Citation Nr: 1630396 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 14-21 816 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee

THE ISSUE

Entitlement to a compensable rating for hypertension.

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

M. Mills, Associate Counsel

INTRODUCTION

The Veteran served on active duty from September 1984 to October 2004. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an October 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran was last provided a VA hypertension examination in August 2011. In May 2014 and June 2014, the Veteran submitted private blood pressure logs that showed some of the Veteran's systolic readings were at or above 160 and some of his diastolic readings were at or above 100. He also reports a change/increase in his blood pressure medication. Such suggests an overall worsening of his hypertension. The Veteran should thereby be provided an opportunity to report for a VA examination to ascertain the current severity of his service-connected hypertension. VAOPGCPREC 11-95 (April 7, 1995); Snuffer v. Gober, 10 Vet. App. 400 (1997).

While on Remand, and because the Veteran reports ongoing treatment for his hypertension, the AOJ should identify any outstanding relevant VA and non-VA treatment records that are not currently associated with the claims file. 38 U.S.C.A. § 5103A (West 2014); Bell v. Derwinski, 2 Vet. App. 611 (1992).

Accordingly, the case is REMANDED for the following action:

1. Associate any outstanding VA and non-VA treatment records that are not already associated with the claims file.

2. Following completion of the above development, schedule the Veteran for a VA examination by an appropriate examiner to determine the current severity of hypertension. The examiner must review the claims file and should note that review in the report. All indicated tests should be accomplished, and all clinical findings reported in detail. The examiner must make specific findings consistent with the rating criteria for hypertension, listed under 38 C.F.R. § 4.104, Diagnostic Code 7101 (2015). In particular, the examiner should indicate the current and predominant diastolic and systolic pressures, whether the Veteran requires continuous medication for control of blood pressure, and any other symptoms present. A complete rationale for any opinions expressed must be provided.

3. Then, readjudicate the claim. If a decision is adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then return the claim to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).